FILED
NOV 1 8 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SHERRY THOMPSON, | ) |
| Plaintiff, | ) |
| -vs- | ) Case No. 2011 CV 50342 |
| ROSECRANCE HEALTH NETWORK, | ) |
| Defendant. | ) |

Judge Reinhard

## COMPLAINT

This is an Americans with Disabilities Act case brought by the Plaintiff, Sherry Thompson, against the Defendant, Rosecrance Health Network. Compensatory and punitive damages are sought against the Defendant. Trial by jury is demanded.

### PARTIES

1. The Plaintiff, Sherry Thompson, is a female and a resident of Winnebago County, Illinois.

2. The Defendant, Rosecrance Health Network, is an Illinois Not-For-Corporation with its principal office in Rockford, Illinois.

3. The Plaintiff was employed by the Defendant from September 9, 2009 to May 11, 2010.

### JURISDICTION AND VENUE

4. This action arises under the Americans with Disabilities Act, 42 U.C.S. 12101 *et seq*.

5. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in and all of the acts complained of took place in the Northern District of Illinois, Western Division.

6. This Court has jurisdiction in this cause under 28 U.S.C. sections 1331, 1334 and 1367.

1

7. At all times material to the issues raised in this Complaint, the Defendant was engaged in interstate commerce and in the business of designing and manufacturing energy control and optimization solutions used in global infrastructure equipment.

## FACTUAL ALLEGATIONS

8. The Plaintiff began working for the Defendant on September 9, 2009 as Environmental Services Supervisor.

9. The Environmental Services Supervisor was responsible for the maintenance of the various buildings owned and utilized by the Defendant.

10. The Plaintiff had a staff of nine direct reports and worked with various vendors for systems such as HVAC, plumbing, electrical and elevators.

11. The Plaintiff at all times relevant to the matters set forth in this Complaint met or exceeded the Defendant's reasonable job expectations.

12. On or about April 26, 2010 the Plaintiff informed the Defendant that she suffered from anxiety and depression and requested two weeks off as requested by her physician.

13. The Plaintiff was informed by the Defendant that in order to take the time off she would have to use accrued vacation and personal time.

14. On or about May 10, 2010, Plaintiff was released by her doctor to return to work.

15. Plaintiff's doctor's release recommended that she return to work on a reduced schedule and Plaintiff asked the Defendant to accommodate that request and allow her to work a reduced work schedule for a two week period.

16. Defendant told Plaintiff that the request for a reduced work schedule would be discussed when she returned to work on May 11, 2010.

17. On May 11, 2010, the Plaintiff was terminated by the Defendant without any discussion regarding her request for a reduced work schedule.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
(42 U.S.C. §12112)

18. The Plaintiff realleges the allegations contained in paragraphs 1 through 17.

19. That at the time of her termination the Plaintiff had been diagnosed with anxiety disorder and depression.

20. That the time of her termination, the Plaintiff was a "qualified individual with a disability" as defined by the ADA.

21. That at the time of the Plaintiff's termination, the Defendant was a "covered entity" as defined by the ADA.

22. When the Plaintiff was released to return to work on May 10, 2010 she requested a reasonable accommodation from the Defendant, i.e. to be placed on a reduced work schedule for a period of two weeks.

23. Plaintiff told by the Defendant that her request would be discussed on the following day, May 11, 2010 when she returned to work.

24. The Defendant did not reasonably accommodate the Plaintiff's known disability when requested by the Plaintiff.

25. The Defendant discharged the Plaintiff because of her known disability on May 11, 2010.

26. The Defendant retaliated against the Plaintiff for requesting a reasonable accommodation for her disability by terminating her employment.

27. That on November 3, 2010, the Plaintiff filed a two Charges of Discrimination with the Equal Employment Opportunities Commission, a copies of which are attached to this Complaint as Exhibits A & B.

28. That on August 19, 2011 the EEOC issued the Plaintiff a Notice of Right to Sue for each Charge of Discrimination, copies of which are attached to this Complaint as Exhibits C & D.

29. That the actions of the Defendant in discharging the Plaintiff because of her disability, failing to grant her request for a reasonable accommodation and discharging the Plaintiff in retaliation for her requesting a reasonable accommodation constituted a violation of the ADA.

30. That as a result of the Defendant's conduct, the Plaintiff has sustained severe and substantial damages and injuries including, but not limited to, lost earnings, lost heath and dental insurance benefits and emotional distress.

WHEREFORE, the Plaintiff demands judgment against the Defendant as follows:

A. That the Plaintiff be awarded compensatory damages for emotional distress; and

B. That the Plaintiff be awarded back pay, front pay and lost wages; and

C. That the Plaintiff be compensated to any medical and dental expenses she incurred since her termination.

D. That the Plaintiff be awarded such other relief as this Court may deem just and proper.

SHERRY THOMPSON-Plaintiff

By:_____
Charles J. Prorok

Charles J. Prorok
Prorok Law Office, P.C.
One Court Place, Suite 301
Rockford, Illinois 61101
815-964-4501 ext 105
c.prorok@comcast.net

## VERIFICATION

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed at___ Prorok Law Office, P.C._____ on November 18, 2011

/s/Sherry Thomspon_____
Sherry Thompson

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ IDHR | |
| ☒ EEOC | 440-2011-00505 |

## Illinois Department of Human Rights and EEOC

**NAME OF COMPLAINANT** (indicate Mr. Ms. Mrs.)
Sherry Thompson

**TELEPHONE NUMBER** (include area code)
815-977-5222

**STREET ADDRESS**     **CITY, STATE AND ZIP CODE**
4409 Compton Aveneue Rockford, Illinois 61101

**DATE OF BIRTH**
12 / 03 / 1955
M D YEAR

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)**

**NAME OF RESPONDENT**
Rosecrance Health Network

**NUMBER OF EMPLOYEES, MEMBERS**
15+

**TELEPHONE** (Include area code)
815-387-5600

**STREET ADDRESS**     **CITY, STATE AND ZIP CODE**
1021 North Mulford, Rockford, Illinois 61107

**COUNTY**
Winnebago

**CAUSE OF DISCRIMINATION BASED ON:**
Disability, Failure to Accommodate, Retaliation for Requesting Accommodation

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA) LATEST (ALL)
5/11/2010

☐ CONTINUING ACTION

**THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:**

## SEE ATTACHED

RECEIVED EEOC
NOV 0 3 2010
CHICAGO DISTRICT OFFICE

Page 1 of __

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS ____ DAY OF _____, _____

NOTARY SIGNATURE

X _Sherry L. Thompson_ 11-3-10
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

**NOTARY STAMP**

EEO-5 FORM (Rev. 11/09-INT)

## PARTICULARS

I was employed by Rosecrance Inc. and/or Rosecrance Health Network as an Environmental Service Supervisor beginning on or about September 8, 2009. I am a qualified individual with a disability. I have been diagnosed with anxiety disorder and depression. This disability substantially impairs one or more major life activities.

Despite this disability, I was, at all times, able to perform the essential functions of my job with or without a reasonable accommodation. At all times I have met or exceeded my employer's reasonable job expectations.

On or about April 26, 2010 I informed my employer of my disability and requested two weeks off per my physician's instructions. I was informed by my employer that I must use my vacation and accrued personal time in order to take this time off. On or about May 10, 2010, I requested a reasonable accommodation, specifically to be allowed to return to work on a reduced work schedule for a two week period. I was told by my employer that we would discuss this request on May 11, 2010.

On May 11, 2010 I was terminated without any discussion of my request for an accommodation.

I believe I was terminated based on my disability or perceived disability in violation of the Americans with Disabilities Act. I believe I was denied a reasonable accommodation in violation of the Americans with Disabilities Act. I believe I was retaliated against for requesting an accommodation in violation of the Americans with Disabilities Act.

RECEIVED

NOV 0 3 2010

CHICAGO DISTRICT OFFICE

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| IDHR | |
| ☒ EEOC | 440-2011-02794 |

## Illinois Department of Human Rights and EEOC

**NAME OF COMPLAINANT** (indicate Mr. Ms. Mrs.)
Sherry Thompson

**TELEPHONE NUMBER** (include area code)
815-977-5222

**STREET ADDRESS** — **CITY, STATE AND ZIP CODE**
4409 Compton Avenue Rockford, Illinois 61101

**DATE OF BIRTH**
12 / 3 / 1955
M   D   YEAR

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)**

**NAME OF RESPONDENT**
Rosecrance, Inc. and Rosecrance Health Network

**NUMBER OF EMPLOYEES, MEMBERS**
15+

**TELEPHONE** (include area code)
815-391-1000

**STREET ADDRESS** — **CITY, STATE AND ZIP CODE**
3815 Harrison Avenue, Rockford, Illinois/ 1021 North Mulford Rd. Rockford, Illinois 61107

**COUNTY**
Winnebago

**CAUSE OF DISCRIMINATION BASED ON:**
Disability, Failure to Accomodate, Retaliation for Requesting Accomodation.

**DATE OF DISCRIMINATION**
EARLIEST (ADEA/EPA)  LATEST (ALL)
5/11/10
☐ CONTINUING ACTION

**THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:**

**SEE ATTACHED**

RECEIVED EEOC
OCT 27 2010
CHICAGO DISTRICT OFFICE

Page 1 of 2

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 27th DAY OF October, 2010.

_Mechele Beal_
NOTARY SIGNATURE

OFFICIAL SEAL
MECHELE BEAL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 05/28/2013
NOTARY STAMP

X _Sherry L. Thompson_  10/27/10
SIGNATURE OF COMPLAINANT  DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

EEO-5 FORM (Rev. 11/09-INT)

## PARTICULARS

I was employed by Rosecrance Inc. and/or Rosecrance Health Network as an Environmental Service Supervisor beginning on or about September 8, 2009. I am a qualified individual with a disability. I have been diagnosed with anxiety disorder and depression. This disability substantially impairs one or more major life activities.

Despite this disability, I was, at all times, able to perform the essential functions of my job with or without a reasonable accommodation. At all times I have met or exceeded my employer's reasonable job expectations.

On or about April 26, 2010 I informed my employer of my disability and requested two weeks off per my physician's instructions. I was informed by my employer that I must use my vacation and accrued personal time in order to take this time off. On or about May 10, 2010, I requested a reasonable accommodation, specifically to be allowed to return to work on a reduced work schedule for a two week period. I was told by my employer that we would discuss this request on May 11, 2010.

On May 11, 2010 I was terminated without any discussion of my request for an accommodation.

I believe I was terminated based on my disability or perceived disability in violation of the Americans with Disabilities Act. I believe I was denied a reasonable accommodation in violation of the Americans with Disabilities Act. I believe I was retaliated against for requesting an accommodation in violation of the Americans with Disabilities Act.

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Sherry Thompson
c/o Lisa A. Jensen, Esq.
JENSEN LAW OFFICE, LLC
220 East State Street, Suite 300
Rockford, IL 61104

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

**CERTIFIED MAIL 7011 0110 0001 8772 0501 CP ATTY**

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-02794 | Pamela Pribble, Investigator Support Asst | (312) 869-8089 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     8-19-11
John P. Rowe,             (Date Mailed)
District Director

Enclosures(s)

cc: ROSECRANCE, INC.
ROSECRANCE HEALTH NETWORK

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Sherry Thompson**
c/o Lisa A. Jensen, Esq.
JENSEN LAW OFFICE, LLC
220 East State Street, Suite 300
Rockford, IL 61104

From: **Chicago District Office**
500 West Madison St
Suite 2000
Chicago, IL 60661

**CERTIFIED MAIL 7011 0110 0001 8772 0501 CP ATTY**

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2011-00505 | **Pamela Pribble,** **Investigator Support Asst** | (312) 869-8089 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_signature_      8-19-11
Enclosures(s)     **John P. Rowe,**     (Date Mailed)
**District Director**

cc:
**ROSECRANCE, INC.**
**ROSECRANCE HEALTH NETWORK**